# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv855

| | |
|---|---|
| **GEORGETTE Y. DAVIS,** | ) |
| **Plaintiff,** | ) |
| | ) **ORDER** |
| Vs. | ) |
| **CAROLYN W. COLVIN** | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the court on Defendant's Motion to Dismiss for Failure to Prosecute. Having considered the motion and reviewed the pleadings, the court enters the following findings and conclusions.

## FINDINGS AND CONCLUSIONS

### I. BACKGROUND

Plaintiff, who is proceeding pro se, filed a complaint in this matter on December 28, 2012, along with an Application to Proceed In Forma Pauperis. On April 8, the court entered a scheduling order (#11) which directed Plaintiff to file a Motion for Summary Judgment within 60 days of the entry of the order. That deadline having passed, defendant filed the present Motion to Dismiss for Failure to Prosecute pursuant to Fed.R.Civ.P. 41(b). The court entered an order (#13) advising plaintiff of her right to respond to the motion and that should she fail to do so, her case could be dismissed with prejudice. The order further explained that such a dismissal would mean that she would be unable to bring a new action challenging the final determination at issue in this action. The court gave plaintiff 14 days to so respond. It is now more than two weeks since that deadline passed and plaintiff has still not responded.

## II. ANALYSIS

Defendant seeks dismissal of this case for Plaintiff's failure to file her Motion for Summary Judgment by the deadline established in the court's scheduling order. Rule 41(b) authorizes such dismissal "[i]f the plaintiff fails to prosecute." Fed.R.Civ.P. 41(b). Apparently abandoning her case, not only has plaintiff failed to file a Motion for Summary Judgment, she has also failed to respond to the court's July 9 order.

Recognizing that dismissal under Rule 41(b) is a harsh sanction and not to be invoked lightly, Mcgargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976), the court finds that in the present case, such a dismissal is warranted. Consistent with well-established Fourth Circuit precedent, the court has considered the following factors in its decision: (i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

First, even keeping in mind that plaintiff is proceeding pro se, her degree of personal responsibility is great. Her failure to participate in this action cannot be blamed on private counsel who may have inadvertently overlooked the case; instead she has represented herself in this matter since its inception. She also received the benefit of the court's Roseboro order which explained her right to respond to defendant's motion and the potential consequences should she fail to do so.

As to the second factor, even recognizing that this defendant handles a great many of these types of actions, she still has an interest in having this matter resolved expeditiously. She has, therefore, been prejudiced by Plaintiff's delay in filing her Motion for Summary Judgment and by being forced to file the instant motion. The third factor neither weighs in favor of nor

against dismissal.  There is no indication that Plaintiff has a pattern of dilatory conduct, but neither is there evidence to the contrary either as the case is just over six months old and plaintiff has only made two filings, the complaint and the simultaneously-filed IFP motion.  As noted above however, the issue is no longer dilatory conduct but plaintiff's complete failure to participate in the prosecution of her case.  In sum, after considering the above three factors, and it appearing that no other sanction appears feasible or sufficient, the court finds that dismissal of plaintiff's case is warranted pursuant to Fed.R.Civ.P. 41(b).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute (#12) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

Signed: August 12, 2013

Max O. Cogburn Jr.
United States District Judge